{¶ 34} I respectfully dissent. This is an action for specific performance on a contract. The performance is the exercise of the option to purchase in a lease entered into between Artie Waneta Helmick and Robert's Auto Center, Inc.
{¶ 35} The contract is clear and unambiguous on its face. It is by and between Artie Waneta Helmick and Robert Winney, President of Robert's Auto Center, Inc.
{¶ 36} The majority said that the contract is void because there is no meeting of the minds. The contract states who the parties are, the property in question, the amount to be paid during the period of the lease, and the amount to be paid upon exercising the option to purchase. There is no question the parties entered into a contract to lease a certain property for a specific price. There was never a question of the capacity of Artie Waneta Helmick to enter into a contract.
{¶ 37} The majority suggests that since both parties believed Artie Waneta Helmick did not have any interest in the property there was no meeting of the minds. However, during his deposition, Robert Winney stated he believed that both Artie Waneta and Melvin Helmick owned the property. Therefore, there was no mutual mistake. At the very least, there is a dispute as to a material fact regarding the interest that Artie Waneta Helmick had in the property at the time of entering into the lease.
{¶ 38} Although Artie Waneta Helmick may not have been able to commit Melvin's interest in the property because of a lack of agency, that does not mean she could not commit whatever interest she had in the property. She did have, as a matter of law, a one-half interest. The credibility of her self-serving statement that she did not know that she had any interest in the property after the fact of entering into the lease would be for a trier of fact to determine.
{¶ 39} I would, therefore, reverse the trial court's ruling.